UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ELISEE RAYMOND,

       Plaintiff,

vs.

OXFORD LAW, LLC and AIS SERVICES, LLC,

       Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ELISEE RAYMOND, by and through undersigned counsel, and brings this action against the Defendant, OXFORD LAW, LLC ("OXFORD") and AIS SERVICES, LLC ("AIS"), and as grounds thereof would allege as follows:

### INTRODUCTION

1.    This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2.    The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

*FD-2224*

## JURISDICTION

3.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c)

4.  Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue in this District is proper because Plaintiff resides here and Defendants do business and place phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

6.  At all times relevant to this Complaint, Defendant, OXFORD was and is a foreign Limited Liability Company, formed under the laws of the State of Minnesota and has its principal place of business in Levittown, Pennsylvania.

7.  At all times relevant to this Complaint, Defendant, AIS was and is a foreign Limited Liability Company, formed under the laws of the State of Deleware and has its principal place of business in San Francisco, California.

FD-2224

8. AIS is vicariously liable for the actions of Oxford. <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507 (9th Cir. 1994).

9. Oxford and AIS are herein collectively referred to as "Defendants".

10. At all times relevant to this Complaint, Defendants were and are "persons" as said term is defined under Florida Statute §1.01(3), and are subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

11. At all times relevant to this Complaint, Defendants regularly collect or attempt to collect debts for other parties and are "debt collectors" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

12. At all times relevant to this Complaint, Defendants regularly use the mail and telephone in a business for the purpose of collecting consumer debts.

13. At all times relevant to this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

14. Defendant, a law firm, "regularly," through litigation, attempts to collect consumer debts and is therefore a debt collector within the meaning of 15 U.S.C. 1692a(6).

15. At all times relevant to this Complaint, Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

*FD-2224*

16.     At all times material hereto, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

17.     At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

18.     At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

19.     At some point in time prior to June 22, 2005, Plaintiff obtained an extension of credit from Providian National Bank.

20.     The extension of credit that Defendants sought to collect from Plaintiff was used primarily for personal, family or household purposes.

21.     On or about June 22, 2005, Plaintiff received a letter from a debt collector on behalf of AIS Consumer Debt Fund Ltd, offering to settle the alleged debt of $5,319.72 for $2,750.00.

22.     On or about July 28, 2005, Plaintiff agreed to settle the debt for two equal payments of $1,100.00.

FD-2224

23. In return, AIS Consumer Debt Fund Ltd agreed to update all applicable credit reporting agencies as "SETTLED IN FULL" after the settlement amount was received.

24. On or about September 22, 2005, AIS Consumer Debt Fund Ltd received the $2,200.00 and sent Plaintiff a letter stating that the account was settled.

25. The original account number noted on the letter is xxxxxx082511944.

26. A true and correct copy of the letter is attached hereto as Exhibit "A".

27. Despite the fact that the debt had been settled in full, AIS filed a lawsuit against Plaintiff on January 2, 2007, claiming that it was owed the full $5,319.72 for a debt incurred to Providian National Bank.

28. On January 19, 2007, Plaintiff filed a letter with the Clerk of Courts for Broward County that the account had been settled in full over a year prior.

29. AIS thereafter dismissed the matter with prejudice.

30. Then, on or about October 29, 2013, Oxford mailed a letter to Plaintiff attempting to collect on the Providian debt that had been settled nearly a decade prior ("The Letter").

31. A true and correct copy of the Letter is attached hereto as Exhibit "B".

32. The Letter states that Oxford represents AIS who placed the matter with Oxford for collection.

33. The original account number noted in the Letter is xxxxxx082511944.

FD-2224

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(2)

34. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

35. 15 U.S.C. §1692e(2) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2)The false representation of—
> (A) the character, amount, or legal status of any debt; or
>
> 15 U.S.C. §1692e(2)

36. The Letter deceptively communicates that the settled amount was due in full.

37. The Letter would be deceptive to the least sophisticated consumer with respect to their rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(2).

38. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e(10).

39. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants OXFORD and AIS for statutory damages, along with costs and

reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### **COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

40. Plaintiff repeats, realleges and incorporates paragraphs 1 through 33.

41. Florida Statutes §559.72(7) states:

"In collecting debts, no person shall…

(7) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes §559.72(7).

42. The Letter deceptively communicates that the settled amount was due in full.

43. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

44. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

45. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

*FD-2224*

46.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, OXFORD LAW, LLC and AIS SERVICES, LLC, for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, ELISEE RAYMOND, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:  (954) 523-4357
Facsimile:   (954) 581-2786
E-mail: Chezky@Floridaloanlawyers.com

FD-2224